IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

AMANDA FORTENBERRY                                                              PLAINTIFF
a/k/a AMANDA WILBANKS

V.                                            CIVIL ACTION NO.: 1:10CV146-SA-JAD

REGIONS BANK                                                            DEFENDANT

## ORDER GRANTING MOTION TO REMAND

Presently before the Court is Plaintiff's Motion to Remand [9]. The Court finds that the motion should be granted as the amount in controversy does not exceed $75,000.

*Factual Background*

This civil action was filed in the Circuit Court of Alcorn County, Mississippi, on April 28, 2010, asserting state law claims for negligence and breach of the duty of reasonable care against Defendant Regions Bank. Defendant filed its Notice of Removal on May 28, 2010, citing diversity jurisdiction as its basis for removal. Plaintiff contends that federal diversity jurisdiction does not exist as the amount in controversy is not satisfied. Thus, Plaintiff requests this Court remand the matter to state court.

*Standard for Remand*

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a); Addo v. Globe Life

and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

Specifically, where there is no dispute that the action is between citizens of different states but the plaintiff asserts that diversity does not exist due to the amount in controversy being less than $75,000, the plaintiff's claim for damages – as set forth in the complaint – normally remains presumptively correct, unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961) (holding that amount in controversy is determined from complaint itself, unless it appears that "the amount state in the complaint is not claimed in good faith").

*Discussion*

On the face of the Complaint, Plaintiff seeks damages but does not assign a dollar amount to her damages. After Defendant removed the case, Plaintiff agreed to a stipulation of damages not to exceed $75,0000.00. In her Motion to Remand, Plaintiff stated that "she will not seek damages in excess of $75,000.00 (inclusive of any punitive damages)." Based on this stipulation, Defendant does not object to this matter being remanded.

In light of Plaintiff's stipulation that the amount in controversy in this case is less than $75,000.00, the Court finds that federal diversity jurisdiction is not present. Accordingly, Plaintiff's

Motion to Remand is granted.

*Conclusion*

The Court concludes that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is not present as the amount in controversy does not exceed $75,000.00. As such, the Court GRANTS Plaintiff's Motion to Remand [9].

This cause is REMANDED to the Circuit Court of Alcorn County, Mississippi; therefore, this case is CLOSED.

SO ORDERED, this the 29th day of June, 2010.

    **/s/ Sharion Aycock**
    **UNITED STATES DISTRICT JUDGE**